## TREMONT v. BRASWELL.
### No. 4934.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 5, 1935.

Herndon & Herndon, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit against the defendant for damages for taking possession of the property of plaintiff without legal process. Defendant acquired certain chattel mortgage notes on a 2-door Ford sedan belonging to plaintiff. Plaintiff also executed his note in favor of defendant for $75. Plaintiff eventually paid six of the chattel mortgage notes of $12.50 each, but fell behind in payment of the remaining ones, and defendant began to press him for payment.

On or about October 30, 1933, plaintiff went to defendant's place of business and gave him a draft for $7, as partial payment on a note, and plaintiff claims that at that time defendant forcibly took possession of his car, without his consent and without legal process. Plaintiff thereafter filed this suit against defendant for $1,175, with legal interest from judicial demand until paid, itemizing his damages as follows:

(1) For the illegal and forcible taking of his property (the automobile) and the humiliation and inconvenience caused him thereby, $500.

(2) For monetary loss to him in his business as agent of pressing club, dry cleaning & dyeing establishments, and his radio repair work, $600.

(3) Equity in the automobile, $75.00.

Defendant admitted all allegations of fact in plaintiff's petition, except that he denied that he took forcible possession of the car, and denied all other damages claimed. He averred that plaintiff came to his place of business and complained that the brakes on said car were not operating, and that plaintiff left the car with him, voluntarily, to have certain repair work done; and, further, by way of reconvention, defendant asked judgment for the balance due on the purchase price of the car, together with the repair bill on same, to wit, $30, with recognition of the chattel mortgage and lien on the car, as repairman.

The court in oral opinion rendered judgment rejecting plaintiff's demands and gave judgment for defendant in reconvention, as prayed for in defendant's petition, except as to the repair bill of $30. From this judgment plaintiff perfected a devolutive appeal to this court.

This case involves only questions of fact. The question of fact which is decisive of the case is whether or not defendant took forcible possession of the car or whether plaintiff voluntarily left it with defendant for repairs, or in order to prevent further costs through seizure of it by defendant. The lower court held the car was left by plaintiff with defendant by agreement, and was not detained by defendant through force.

We have carefully read the testimony in the record, and cannot say the finding of fact by the lower court is erroneous. The written review of the conflicting testimony in the record would only require time and study, and it is of no material benefit to any one. Such being the case, we do hereby affirm the judgment of the lower court, with costs.